**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GEORGE BROWN, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-095-WDS |
| | ) |
| **WILESKA LIRIOS** and | ) |
| **MARTA SANTIAGO,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Federal Correctional Institution in Greenville, Illinois, initially filed this action in the Circuit Court of Bond County, Illinois. Defendants, both correctional officers employed at the Greenville institution, removed the action to federal court (Doc. 3).

**MOTION FOR REMAND (DOC. 7)**

In his complaint, Plaintiff invokes state court jurisdiction under state law theories of "intentional, negligent, and personal tort" (Doc. 5-2). However, his claims involve (1) application of the federal Inmate Financial Responsibility Program and (2) a disciplinary proceeding that took place pursuant to federal Bureau of Prisons' rules. Thus, these claims arise under federal law, over which the federal courts have original jurisdiction. 28 U.S.C. § 1331.

As basis for his objection, Plaintiff alleges that Defendants did not file their notice of removal in a timely manner. He bases this argument on his belief that Defendants were properly served with the complaint simply by his mailing of said complaint to them on October 23, 2007, as

attested to on the final page of the complaint. However, to effect proper service upon the United States, its officers, or employees, a plaintiff must comport with the federal rules. Specifically,

> [t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

FED.R.CIV.P. 4(i)(3).

Rule 4(e) addresses service upon individuals within any federal judicial district. Such service may be affected by (1) following state law for serving a summons in state court, or (2) delivering a copy of the complaint and summons to the individual personally, to his or her primary residence, or to his or her authorized agent. FED.R.CIV.P. 4(e). In turn, Illinois state law requires that

> service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode....

735 ILCS 5/2-203.

It is clear from the record that October 23, 2007, is not the date of service, as summons was not issued by the Circuit Court until December 14, 2007 (Doc. 7). Defendants have provided a copy of each Defendant's summons, which clearly indicate the date of service to be January 15, 2008 (Docs. 10-2, 10-3). Defendants filed their notice of removal on February 8, 2008 (Doc. 5), clearly within the 30-day time limit. *See* 28 U.S.C. § 1441(e)(1). Thus, Defendants notice of removal was

timely filed.

Plaintiff also argues that remand is proper because the United States had not entered its appearance on behalf of Defendants, and because Defendants failed to provide a copy of all pleadings served upon them in state court. Each of these arguments is baseless. Thus, Plaintiff's motion for remand is **DENIED**.

**PRELIMINARY REVIEW**

After removing the action to federal court, Defendants' motion for a preliminary review of the complaint, pursuant to 28 U.S.C. § 1915A, was granted (Docs. 6, 12). Plaintiff now objects to that order (Doc. 14), arguing that such a review is improper during pendency of his motion for remand. That request for remand has been denied; likewise, Plaintiff's objection to an initial review is also **DENIED**.

Accordingly, this case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## INMATE FINANCIAL RESPONSIBILITY PROGRAM

In May 2007, Defendant Lirios met with Plaintiff to discuss payment of his $100 assessment under the Inmate Financial Responsibility Program. *See* 28 C.F.R. § 545.10 *et seq*. Her proposal was for him to pay that assessment in one lump sum in June 2007. Plaintiff objected and countered with a plan to pay $25 each quarter. Lirios rejected his counteroffer and then imposed spending restrictions on his account. Eventually Plaintiff signed her plan in order to lift his spending restrictions; however, his Unit Manager later voided that plan. Plaintiff now alleges that Lirios imposed restrictions on his account "in retaliation" for his refusal to agree to her plan.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit has clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).

It is abundantly clear from the complaint that any grievance Plaintiff had about Lirios was merely a personal gripe with respect to his personal account. Thus, he has no viable constitutional claim of retaliation, and this claim is dismissed with prejudice.

## DISCIPLINARY PROCEEDING

In October 2007, Defendants Lirios and Santiago presided over a disciplinary hearing in which Plaintiff was charged with an unauthorized absence from work. He alleges that Defendants

refused to allow him to call a witness to refute the charges, but he provides no further information regarding the outcome of this proceeding.

When a plaintiff brings a federal constitutional action for procedural due process violations, he must show that the government deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). In the case currently before the Court, Plaintiff makes no allegation that he was deprived of any constitutionally protected interest. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and his due process claim is dismissed with prejudice.

## CONCLUSION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: August 25, 2008.**

              **s/ WILLIAM D. STIEHL**
              **DISTRICT JUDGE**